<u>NOT FOR PUBLICATION</u>                                                    (Doc. No. 10)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                                    :
SYED M. TARIQ-SHUAIB,                               :
                                                    :
            Plaintiff,                              :
                                                    :          Civil No. 09-4760 (RBK)
      v.                                            :
                                                    :              **OPINION**
CITY OF CAMDEN and STATE                            :
OF NEW JERSEY,                                      :
                                                    :
            Defendants.                             :
_____            :

**KUGLER**, United States District Judge:

        Plaintiff Syed M. Tariq-Shuaib brings this action against Defendants the State of New

Jersey ("the State") and the City of Camden for alleged violations of his property rights under 42

U.S.C. § 1982 and his due process rights under 42 U.S.C. § 1983.   The State moves to dismiss

Plaintiff's claims (i) because state sovereign immunity bars all of Plaintiff's claims and (ii) for

failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure

12(b)(6).   Because Congress has not abrogated the State's sovereign immunity, and because the

State has not waived its sovereign immunity, the Court grants the State's motion to dismiss based

on the doctrine of sovereign immunity.

**I.      BACKGROUND**

        Plaintiff owns a mixed-use residential and commercial property in Camden, New Jersey

("the Camden property").   (Compl. ¶ 1.)   His troubles began shortly after he leased an apartment

in the Camden property to Ahmed Mohammad ("Mohammad").   (Compl. ¶ 2.)   In January or

February 2008, Plaintiff obtained an eviction notice against Mohammad.   (Compl. ¶ 2.)   Plaintiff alleges that Mohammad responded to the eviction notice by filing a restraining order against Plaintiff.   (Compl. ¶ 2.)   Plaintiff further alleges that the restraining order was based on false facts about Plaintiff, including a false name and address.   (Compl. ¶ 2.)   Plaintiff does not specify the terms of the restraining order.

Plaintiff alleges that Camden police officers arrested him pursuant to the restraining order on May 29, 2008, June 6, 2008, and June 18, 2008.   (Compl. ¶ 10.)   Each time, the officers arrested him despite his demonstrating that his name and address differed from those on the restraining order.   (Compl. ¶ 5.)   The first arrest occurred when Plaintiff and the Camden Sheriff came to the Camden property to enforce the eviction notice and lock Mohammad out of the Camden property.   (Compl. ¶ 4.)   The second and third arrests occurred after Plaintiff and Mohammad appeared in Camden City courts in eviction notice disputes.   (Pl.'s Attach. 1, at 2-3.)

On April 14, 2009, Plaintiff filed his complaint pro se against the State and the City of Camden.   Plaintiff alleges that the restraining order and the various court hearings violated his property rights under 42 U.S.C. § 1982.   (Compl. ¶¶ 8-9.)   Section 1982 provides that "[a]ll citizens . . . shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property."   42 U.S.C. § 1982.   Plaintiff also alleges that his arrests violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.   (Compl. ¶ 8.)   Although Plaintiff does not specifically reference 42 U.S.C. § 1983, the Court construes his pro se complaint liberally as a claim under § 1983 for the violation of his constitutional rights.[1]   Plaintiff asks for $400,000 in monetary damages.   (Compl. ¶ 15.)

---

1. Courts must construe pro se complaints liberally.   See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998) ("[I]f a [pro se] petition[er] . . . mislabel[s] his suit, . . . either he should be given leave to plead over or the mislabeling should

The State timely moved to dismiss pursuant to Rule 12(b)(6) on October 15, 2009.   In lieu of submitting a brief, it relied solely on the Declaration of Deputy Attorney General Kyle R. Bradley.   The Court struck the Declaration from the record under Local Rule of Civil Procedure 7.2(a), which prohibits legal arguments in declarations.   The Court then dismissed the State's motion as unsupported.   The State now moves again to dismiss the Complaint.   It asserts that (i) state sovereign immunity bars Plaintiff's claims and (ii) the Complaint fails to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.      STANDARD OF REVIEW

A motion to dismiss based on state sovereign immunity is appropriate under both Rule 12(b)(1) and Rule 12(b)(6).   See Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999) (considering immunity under 12(b)(6)); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996) (considering immunity under 12(b)(1)).   The State does not specify under which section of Rule 12 it brings its motion to dismiss based on state sovereign immunity.

However, in this case, the Court must apply substantially the same standard under either section.   Where, as here, a motion under Rule 12(b)(1) is filed prior to an answer, it is considered a "facial" challenge to the court's subject matter jurisdiction.   Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983).   In reviewing a facial challenge, the Court must dismiss a plaintiff's claims if "the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction."   Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994).   In reviewing a motion under Rule 12(b)(6), the Court must dismiss Plaintiff's claims if the "complaint [does not] contain sufficient factual matter, accepted as true, to

simply be ignored." (quoting Graham v. Broglin, 922 F.3d 379, 382 (7th Cir. 1991)) (internal quotation marks omitted)).

'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   Thus, under either

section, the Court must look to the face of the Complaint and take its allegations as true.

## III.   DISCUSSION

Each state is a "sovereign entity in [the] federal system."   Seminole Tribe of Fla. v.

Florida, 517 U.S. 44, 54 (1996).   Because of their sovereignty, states are immune from suit.

Alden v. Maine, 527 U.S. 706, 713 (1999).   This principle is embodied in, but not limited by, the

Eleventh Amendment to the United States Constitution.   Id. at 712-13.   State sovereign

immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction[,]"

Blanciak, 77 F.3d at 693 n.2, and "an affirmative defense[,]" Carter, 181 F.3d at 343.   Therefore,

the Court must grant the State's motion to dismiss if the State enjoys immunity from Plaintiff's §

1982 and § 1983 claims.

There are two exceptions to state sovereign immunity.   First, an individual can sue a state

if (i) Congress has "unequivocally expressed its intent to abrogate the [state's] immunity[,]" and

(ii) Congress did so "pursuant to a valid exercise of [its Fourteenth Amendment] power."

Seminole Tribe, 517 U.S. at 55, 59 (emphasis added) (quoting Green v. Mansour, 474 U.S. 64, 68

(1985)) (internal quotations omitted).   Second, an individual can sue a state if the state has waived

its sovereign immunity.   Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527

U.S. 666, 670 (1999).   A state waives its sovereign immunity by unequivocally consenting to suit.

Id. at 682.   This "stringent" test is satisfied if the state "voluntarily invokes [federal] jurisdiction"

or clearly declares its intent "to submit itself to [federal] jurisdiction."   Id. at 675-76.   It is not

satisfied if the state merely consents to suit "in the courts of its own creation" or "'in any court of

competent jurisdiction[.]'"   Id. at 676 (quoting Kennecott Copper Corp. v. State Tax Comm'n,

327 U.S. 573, 577-79 (1946)).

### A. The State is Immune from Plaintiff's § 1983 Claim.

Plaintiff's § 1983 claim fails to meet either exception to state sovereign immunity.   The

Supreme Court has specifically held that Congress did not abrogate state sovereign immunity

when it enacted § 1983.   Quern v. Jordan, 440 U.S. 332, 345 (1979).   Congress did not express

the intent to do so in the statute's text or legislative history.   Id.   Furthermore, New Jersey "has

not waived its sovereign immunity with respect to § 1983 claims in federal court."   Mierzwa v.

United States, 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F. Supp. 1207,

1209-10 (D.N.J. 1974)).   Because § 1983 satisfies neither exception, the Court does not have

jurisdiction to hear Plaintiff's claim.[2]

### B. The State is Immune from Plaintiff's § 1982 Claim.

Plaintiff's § 1982 claim also fails to meet either exception to state sovereign immunity.

The Third Circuit has not yet decided whether § 1982 validly abrogated state sovereign immunity.

However, four district courts have considered the question, and each decided that § 1982 did not

abrogate state sovereign immunity.   See Shaughnessy v. Hawaii, No. 09-00569, 2010 U.S. Dist.

LEXIS 63071, at *15 (D. Haw. Jun. 24, 2010); Friends of Eudora Pub. Sch. Dist. v. Beebe, No.

5:06CV0044, 2008 U.S. Dist. LEXIS 24112, at *8-9 (E.D. Ark. Mar. 25, 2008); Powers v. CSX

Transp., Inc., 105 F. Supp. 2d 1295, 1303-04 (S.D. Ala. 2000); Ross v. Alabama, 893 F. Supp.

1545, 1550-51 (M.D. Ala. 1995).   In Powers, the court explained that Congress did not express an

---

2. Even if the State did not enjoy sovereign immunity, Plaintiff failed to state a claim under § 1983.   Section 1983
prohibits persons from violating civil rights.   42 U.S.C. § 1983.   States, however, are not "persons" for the purposes
of § 1983.   Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989).

intent to abrogate state sovereign immunity when it enacted 42 U.S.C. § 1981 or § 1983.   Powers, 105 F. Supp. 2d at 1303.   Because § 1982 "contain[ed] no clearer an expression of intent" than § 1981 or § 1983, the court concluded that Congress did not express an intent to abrogate state sovereign immunity when it enacted § 1982.   Id. at 1303-04.

The Court finds Powers's reasoning persuasive.   Congress did not express the intent to abrogate state sovereign immunity when it enacted 42 U.S.C. § 1981 or § 1983.   Quern, 440 U.S. at 345 (§ 1983); Bennett v. Atlantic City, 288 F. Supp. 2d 675, 684 (D.N.J. 2003) (§ 1981). Section 1982 contains similar language to those statutes.   For example, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to [engage in a series of activities] as is enjoyed by white citizens, and shall be subject to [similar punishments]."   42 U.S.C. § 1981(a).   Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to [engage in a series of activities involving property]."   42 U.S.C. § 1982.   Section 1982, therefore, does not contain any language from which the Court could infer the intent to abrogate state sovereign immunity.

Furthermore, there is no indication that the State has waived its sovereign immunity. States must make any such waiver in clear and unequivocal language.   See, e.g., Johnson v. N.C. Dep't of Health & Human Svcs., 454 F. Supp. 2d 467, 471 (M.D.N.C. 2006) (finding that a statute was unequivocal when it stated that "[t]he sovereign immunity of this state is waived for . . . the Americans with Disabilities Act").   There is no indication that the State has used such language to waive its immunity from § 1982 claims.

Because neither exception is satisfied, the State's sovereign immunity bars this Court from

hearing Plaintiff's § 1982 claim.[3]

## IV.    CONCLUSION

For the reasons detailed above, this Court grants the State's motion to dismiss for lack of

subject matter jurisdiction.   An appropriate order shall enter.


Dated:  2/3/11                                          /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge

---

3. Furthermore, even if the State did not enjoy sovereign immunity, Plaintiff fails to state a claim under § 1982. Section 1982 prohibits racial discrimination, but not religious discrimination.   Miller v. Apartments & Homes, 646 F.2d 101, 110-11 (3d Cir. 1981).   Plaintiff alleges that he is a Muslim (Pl.'s Attach. 2, at 4), but does not allege his race.   Thus, the Court cannot infer a racial discrimination claim.