(Doc. No. 39, 42)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SYED M. TARIQ-SHUAIB, | : |
| Plaintiff, | : |
| v. | : Civil No. 09-4760 (RBK/JS) |
| CITY OF CAMDEN and STATE OF NEW JERSEY, | : OPINION |
| Defendants. | : |

**KUGLER**, United States District Judge:

Plaintiff Syed M. Tariq-Shuaib ("Plaintiff") brought this action against Defendant City of Camden ("Defendant") for alleged violations of his property rights under 42 U.S.C. § 1982 and his due process rights under 42 U.S.C. § 1983. Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 37. Because Plaintiff has consistently refused to participate in discovery, the Court grants Defendant's motion to dismiss.

**I.    Background**

Plaintiff owns a mixed-use residential and commercial property in Camden, New Jersey (the "Camden Property"). Compl. ¶ 1. His troubles began shortly after he leased an apartment in the Camden Property to Ahmed Mohammad ("Mohammad"). Compl. ¶ 2. In January or February 2008, Plaintiff obtained an eviction notice against Mohammad. Compl. ¶ 2. Plaintiff alleges that Mohammad responded to the eviction notice by filing a restraining order against Plaintiff. Compl. ¶ 2. Plaintiff further alleges that the restraining order was based on false facts about Plaintiff, including a false name and address. Compl. ¶ 2. Plaintiff does not specify the

1

terms of the restraining order.

Plaintiff alleges that Camden police officers arrested him pursuant to the restraining order on May 29, 2008, June 6, 2008, and June 18, 2008. Compl. ¶ 10. Each time, the officers arrested him despite his demonstrations that his name and address differed from those on the restraining order. Compl. ¶ 5. The first arrest occurred when Plaintiff and the Camden Sheriff came to the Camden property to enforce the eviction notice and lock Mohammad out of the Camden property. Compl. ¶ 4. The second and third arrests occurred after Plaintiff and Mohammad appeared in Camden City courts in eviction-notice disputes. Pl.'s Attach. 1, at 2-3.

On April 14, 2009, Plaintiff filed his complaint pro se against the State of New Jersey and the City of Camden. (The State has been dismissed in an earlier order of this Court.) Plaintiff alleges that the restraining order and the various court hearings violated his property rights under 42 U.S.C. § 1982. Compl. ¶¶ 8-9. Section 1982 provides that "[a]ll citizens . . . shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Plaintiff also alleges that his arrests violated the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Compl. ¶ 8. Although Plaintiff does not specifically reference 42 U.S.C. § 1983, the Court construes his pro se complaint liberally as a claim under § 1983 for the violation of his constitutional rights.[1] Plaintiff asks for $400,000 in monetary damages. Compl. ¶ 15.

## II.  Discovery Disputes

Discovery disputes marred the course of this litigation. As relevant here, the Court issued an Order directing Plaintiff to respond to Defendant City of Camden's outstanding discovery

---

1. Courts must construe pro se complaints liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998) ("[I]f a [pro se] petition[er] . . . mislabel[s] his suit, . . . either he should be given leave to plead over or the mislabeling should simply be ignored." (quoting Graham v. Broglin, 922 F.3d 379, 382 (7th Cir. 1991)) (internal quotation marks omitted)).

requests on October 20, 2011.  Plaintiff's response was minimal, and included no documents requested by Defendant.  On December 7, 2011, the Court issued an Order directing the Plaintiff to appear for his deposition on December 15, 2011 at the Courthouse in Camden, New Jersey.  Plaintiff failed to appear.  On December 20, 2011, the Court issued an Order to Show Cause which required the Plaintiff to appear at a January 20, 2012 in-person conference to show why his complaint should not be dismissed for failure to comply with the Court's Order.  On January 20, 2012, the parties attended a conference before the Honorable Joel Schneider, U.S.M.J.  Judge Schneider extended pretrial factual discovery to March 30, 2012, and directed Defendant to resend any outstanding discovery requests to Plaintiff.  Plaintiff refused to provide any additional discovery responses.

Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37.  Plaintiff opposed that motion and filed his own Motion for Default Judgment based upon similar allegations that Defendant failed to provide discovery.

## III.  Discovery Sanctions

The Federal Rules of Civil Procedure allow for the Court to dismiss an action if a party fails to obey an order to provide or permit discovery.  See Fed. R. Civ. P. 37(b)(2)(A)(v).  In certain cases, dismissal "is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). But "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Bull v. United Parcel Service, 665 F.3d 68, 80 (3d Cir. 2012) (internal citations omitted).  Courts consider "six factors in assessing the propriety of an involuntary dismissal with prejudice: '(1) the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) willfulness or

bad faith; (5) the availability of alternative sanctions; and (6) the merit of the claim or defense.'" Id. (citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984)).

Here, Plaintiff is pro se. Therefore he is personally responsible for responding to discovery requests, appearing at hearings, and obeying orders of the Court. He failed to attend depositions. Although Plaintiff has filed an extensive amount of paper with the Court, he has refused to provide responses to discovery requests, as the Court directed him to do at the hearing on January 20, 2012. Therefore the first factor weighs in favor of dismissal.

Defendant has suffered prejudice as a result of Plaintiff's repeated failure to provide discovery. The discovery rules are designed to ascertain the facts underlying the issues in dispute. See Hickman v. Taylor, 329 U.S. 495, 501 (1947). When a party refuses to abide by them, his adversary would have to carry on the trial "in the dark." Id. Plaintiff's only avenue to obtain documents important to the case is through the Defendant. Therefore this factor, too, cuts toward dismissal.

As for the Plaintiff's history of dilatoriness, this Court noted in its April 16, 2012 Order that Plaintiff had failed to provide information such as his true legal name in response to Defendant's numerous discovery requests as well as the Court's prior orders. Plaintiff did not appear for a deposition. And Plaintiff did not comply with Judge Schneider's oral order to provide discovery to Defendant. The third factor weighs in favor of dismissal.

Plaintiff's refusal to cooperate with Defendant's discovery efforts seems to be willful. There has been no allegation that Plaintiff's mental state makes it difficult for him to respond to Defendant's discovery requests.

The Court recognizes that dismissal is a "drastic sanction[]." Bull, 665 F.3d at 80. But the Court has already attempted to use lesser sanctions to compel Plaintiff to provide discovery.

4

Plaintiff has ignored several Court orders as well as a verbal order from Judge Schneider. The Court has the option to strike Plaintiff's pleadings. See Fed. R. Civ. P. 37(b)(2)(A)(iii). But Plaintiff's claims are based on the allegation that Defendant had mistaken Plaintiff's identity. And Plaintiff refused to provide discovery establishing his true legal name. So striking the pleadings as a sanction would effectively end the case.

Finally, the Court examines the meritoriousness of Plaintiff's claims. To the extent that Plaintiff's claims arise under the due-process clause of the Fourteenth Amendment, Plaintiff must show that the officers' decisions to arrest him were more than merely negligent. See Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999). "To generate liability, executive action must be so ill-conceived or malicious that it shocks the conscience." Id. (internal citations omitted). Plaintiff claims that the restraining order under which the officers arerested him was based on a false name, Syed Muhammad. That false name is a variant of the name on his Social Security card, Syed Muhammad Tariq Shuaib. And it is similar to the name on one of his drivers' licenses, Muhammad T. Syed. The claim for the intentional deprivation of his constitutional rights would be difficult, if not impossible, to establish on these facts. Regardless of the merits of Plaintiff's claim, he has willfully obstructed Defendant's efforts to discover material relevant to the case, and he has prejudiced Defendant's ability to defend itself.

Plaintiff argues in his Motion for Default Judgment that Defendant, too, has refused to respond to Plaintiff's discovery requests. While there seems to have been considerable delay, Defendant submitted discovery responses to the plaintiff on October 17, 2011. At the January 20, 2012 hearing, Judge Schneider told Defendant to try to locate a copy of a restraining order at issue in this case. After contacting the Camden Police Department and the New Jersey Attorney General's Office, Defendant learned that the 2008 restraining order was eliminated as a matter of

course. Other than this apparently destroyed order, Defendant has fulfilled all of Plaintiff's discovery requests.

Plaintiff, on the other hand, has refused to follow through with the obligations imposed upon him when he filed suit in this Court. Therefore his suit is DISMISSED with prejudice. Plaintiff's Motion for default judgment is DENIED as moot.


Date: 11/13/12                                          /s/Robert B. Kugler

                                                        Robert B. Kugler
                                                        United States District Judge